### WOODRUM et al. v. MICHIGAN REALTY CO.

#### No. 13772.

Court of Civil Appeals of Texas. Fort Worth.

May 27, 1938.

Rehearing Denied June 24, 1938.

James E. Mercer and Richard Owens, both of Fort Worth, for appellants.

Raymond E. Buck and Victor C. McCrea, both of Fort Worth, for appellee.

BROWN, Justice.

Appellee brought suit against appellants (who are husband and wife), three counts appearing in the petition: (1) Trespass to try title; (2) for a deficiency judgment on a note which had been secured by a deed of trust lien on certain real property, said lien having been foreclosed under the power expressed in the deed of trust by the Trustee's Sale, and the purchase price being alleged as a credit on the debt; and (3) for debt on the original note and foreclosure of the deed of trust lien.

Appellants answered and the only defense shown is that plaintiff's cause of action is barred by the four year statute of limitations. Vernon's Ann.Civ.St. art. 5520.

The following appears from the record: Plaintiff's counsel took an interlocutory judgment against appellant, Woodrum, for the deficiency judgment, and later took a judgment simply in trespass to try title, and appellants' counsel "okeyed" such judgment. It was signed by the trial judge and delivered to the clerk for record.

Shortly thereafter appellants' counsel filed a motion for a new trial (it is not in the record before us), and later amended such motion. In the amended motion nothing is presented to disclose an equitable reason to set the "okeyed" judgment aside, except the theory that "the cause of action" was barred by limitations.

A hearing was had on this motion and the only evidence introduced was the oral testimony of one counsel for appellants and one counsel for appellee.

If appellee's counsel detailed the facts as they existed at all times, the statute of limitations was and is no defense to the count in trespass to try title, to the count for a deficiency judgment, or to the count for the whole debt and foreclosure of the deed of trust lien.

The trial court must have been conversant with the facts and must have believed the testimony offered by appellee's counsel. He overruled the motion for a new trial and the cause was appealed to this court.

Appellants' counsel introduced no facts even tending to show that any count sued upon was barred by limitations.

The judgment must be affirmed as it does not appear that any different judgment could be rendered at another trial. Furthermore, we are inclined to the opinion that when the sale was made by the trustee, under the authority given in the deed of

trust, and appellants made no effort to prevent the sale, after having due notice thereof, the defense of the statute of limitations having run against the debt and lien is not now available.

It is to be noted that no attack has been made on the sale because of any irregularity, or omission, or defect that could affect its legality.

The judgment is affirmed.